## HENDRY *vs.* SMITH.

The verdict of a jury on an issue, on a plea in abatement to the jurisdiction of the court, sustaining their jurisdiction, when there was evidence on both sides, will not be disturbed.

Motion for New Trial, in Thomas Superior Court. Decision by Judge Love, February, 1859.

James W. Smith brought suit against William H. Hendry, returnable to the May term, 1854, of the Superior Court of Thomas county. The writ was filed in office 31st December, 1853. The sheriff returned that he had served the defendant personally, 2d February, 1854. At the term of the court to which the writ was returnable, the defendant pleaded, that at the time said suit was commenced and the writ sued out, he was not a citizen of Thomas county, but resided in the county of Lowndes. This plea was sworn to, and issue made up thereon, and submitted to a jury, whether the defendant was a citizen of Thomas county at the time suit was instituted against him. At June term, 1858, the case came on for trial on the appeal.

The jury found that defendant was a citizen of Thomas county. Whereupon defendant moved for a new trial on the following grounds, viz:

1. Because the jury found contrary to law.

2. Because the jury found contrary to evidence; and that the verdict was strongly and decidedly against the weight of evidence.

The court refused the motion for a new trial, and defendant excepted.

McIntyre & Young, for plaintiff in error.

A. H. Hansell, contra.

By the Court.—McDonald, J., delivering the opinion.

There was evidence on both sides of the issue submitted to the jury, and that leaves no doubt on the mind that at the time of the service of the declaration and process on the defendant, and at the time of the plea pleaded he

was resident in the county of Thomas, where the suit was instituted. The suit was in the superior court, and the plea should have shown that there was another court where justice could be effectually administered, and, of course, it must appear what court it was which had the jurisdiction at the time of the plea pleaded, for if, at that time, the identical court in which the suit was pending has the jurisdiction, the court will not turn a plaintiff out merely to institute suit in the same court. On an issue of this sort, the time at which the declaration was filed in the clerk's office is of little importance. The act of 1843, defining the time at which an action should be held to be commenced, grew out of a contrariety of decisions in the courts, at the point of time at which the suit should have effect upon a plea of the statute of limitations. But considering the nature of a plea in abatement to the jurisdiction of the court, and the object of it, simply to carry the case before the court, where the cause can be properly tried, which court must be shown in the plea, that the parties may institute the suit there, it is immaterial when the declaration was filed. But there is a conflict in the evidence, as to the residence of the defendant in the case below, when the declaration was filed; and the jury having found that his residence was in the jurisdiction in which the action was brought, the presiding judge in that court did right not to disturb the verdict.

Judgment affirmed.